# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| LOGIC20/20 INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>BIRD RIDES, INC. a California corporation,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND UNJUST ENRICHMENT OR, IN THE ALTERNATIVE, ORDER COMPELLING ARBITRATION** |

Plaintiff Logic20/20 Inc. ("Logic" or "Plaintiff"), in support of this complaint (the "Complaint") against defendant Bird Rides, Inc. ("Bird" or "Defendant," and together with Plaintiff, the "Parties"), does hereby allege as follows:

## NATURE OF THE ACTION

1. This action is a straightforward, failure-to-pay breach of contract by Defendant under that certain Master Services Agreement dated November 27, 2019 between the Parties (the "Agreement" or "MSA") for work performed under the MSA by Plaintiff for Defendant.

## THE PARTIES

2. Plaintiff, a Seattle-based corporation organized under the laws of the state of Washington, is a business management and technology consulting organization.

3. Defendant is a "micromobility company" with headquarters in Santa Monica,

California.  At all times material to this Complaint, Defendant purposely directed business activities at the state of Washington, including by engaging Plaintiff.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and the amount-in-controversy exceeds $75,000.

5. This Court has personal jurisdiction over the Parties because Plaintiff is a resident of, or business active in, Washington state, and Defendant transacted with Plaintiff.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions underlying this Complaint occurred in this judicial district.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

7. Plaintiff is a business management and technology consulting organization which assists clients in a wide range of industries with strategy and operations, advanced analytics (*e.g.*, machine learning), digital transformation and marketing, and management and implementation of technology solutions.

8. Prior to November 27, 2019, Defendant contacted Plaintiff and inquired about Plaintiff's services.

9. On or about November 27, 2019, the Parties entered into the MSA.

10. Pursuant to the Statement of Work attached to the MSA, Plaintiff was engaged by Defendant to "support and partner with the rollout" of an acquisition by Defendant of a data processing company by "finding a way to land data from selected top priority data sources" to the system acquired by Defendant.

11. Pursuant to the MSA, Defendant agreed to pay Plaintiff pursuant to a fee schedule in the Statement of Work and to reimburse Plaintiff for "all expenses incurred . . . pursuant to the performance of services performed under this Agreement . . . ."

12. The MSA required Plaintiff to submit monthly invoices to Defendant, with

COMPLAINT FOR BREACH OF CONTRACT AND
UNJUST ENRICHMENT OR, IN THE ALTERNATIVE,
ORDER COMPELLING ARBITRATION - 2

FOSTER GARVEY P.C.
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400

1 payment due within thirty (30) days of receipt of invoice, and further provided that payments not made in a timely manner would be subject to interest in an amount equal to one percent (1%) of the invoice amount outstanding for each 30-day period that such payment was late.

13. The MSA further provides that the parties shall first attempt to resolve any dispute by good faith negotiations, mediation, and arbitration.

14. The MSA further provides that "[i]n any legal action, arbitration or other proceeding related to or arising out of this Agreement, including . . . the failure of [Bird] to remit payment of the fees or reimbursement of expenses hereunder, the substantial prevailing party or parties shall be entitled to recover from the other party reasonable attorney's fees and other costs incurred."

15. As required by the MSA, Plaintiff sent Defendant three invoices for work performed by Plaintiff for Defendant pursuant to the MSA, which invoices are dated January 31, 2020, February 29, 2020, and March 23, 2020 (collectively, the "Invoices"), with original balances of $68,375, $72,250, and $30,950, respectively (for an aggregate balance of $171,575).  Pursuant to those invoices, Defendant was required to remit payment in full to Plaintiff by no later than March 1, 2020, March 30, 2020, and April 22, 2020, respectively. Copies of the Invoices are attached as Exhibit A.

16. Defendant failed to pay any of the Invoices within thirty (30) days of receiving them as required by the MSA.

17. From approximately April 2020 through November 2020, despite Plaintiff's best efforts to reach a compromise with Defendant regarding the amounts owed by Defendant to Plaintiff, Defendant's interactions with Plaintiff only signify attempts by Defendant to unjustifiably delay repayment of the amounts due and owing.

18. On two separate occasions, Defendant proposed a repayment schedule to which Plaintiff agreed, but Defendant never made a single payment to Plaintiff under either proposal.

COMPLAINT FOR BREACH OF CONTRACT AND
UNJUST ENRICHMENT OR, IN THE ALTERNATIVE,
ORDER COMPELLING ARBITRATION - 3

FOSTER GARVEY P.C.
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400

19. On October 15, 2020, Defendant offered a lump sum payment of $141k in satisfaction of all amounts owed by Defendant to Plaintiff, which Plaintiff accepted, but Defendant never made a single payment to Plaintiff.

20. On November 6, 2020, Plaintiff requested that the Parties waive the mediation requirement in light of Defendant not disputing the debt owed to Plaintiff, and instead proceed directly to arbitration. Defendant did not respond.

21. On November 24, 2020, Plaintiff informed Defendant that Plaintiff would construe a failure to respond by close of business on November 30, 2020, as a refusal to cooperate under the MSA and that Plaintiff would seek further appropriate relief, including through the courts.

22. On December 1, 2020, counsel for Defendant stated that Defendant was discussing Plaintiff's proposal internally and would respond by the end of the week (*i.e.*, December 4, 2020).

23. Notwithstanding Defendant's obvious stalling tactics and multiple broken promises, Plaintiff gave Defendant yet another chance to agree to arbitration.

24. As of the time this Complaint was filed, Plaintiff had not received the response promised by Defendant (or any further correspondence or update of any nature).

25. To date, Plaintiff has incurred legal fees and expenses of at least $4,432.50 relating to efforts to collect the amounts owed by Defendant to Plaintiff.

26. To date, Defendant has not made a single payment to Plaintiff for Plaintiff's provision of services to Defendant.

## **COUNT I – BREACH OF CONTRACT**

27. All preceding paragraphs are incorporated as if fully set forth herein.

28. Plaintiff has complied with all of its obligations under the MSA.

29. Defendant has breached the MSA because it has failed to pay Plaintiff for

Plaintiff's services as required under the terms and conditions of the MSA.

30. Plaintiff has suffered damages which are the direct and proximate result of Defendant's breach of the MSA in an amount to be determined at or before the time of trial and not less than $190,107.75, plus all allowable costs, interest, and attorneys' fees.

### COUNT II – UNJUST ENRICHMENT (*in the alternative*)

31. All preceding paragraphs are incorporated as if fully set forth herein.

32. At Defendant's request, Plaintiff provided Defendant with valuable services, from which Defendant has benefitted.

33. Plaintiff's performance of services entitles Plaintiff to receive compensation for the fair value of its services under the doctrine of unjust enrichment (*i.e.*, quantum meruit).

34. Defendant has failed to pay Plaintiff for Plaintiff's services.

35. Defendant is liable to Plaintiff under the doctrine of unjust enrichment (*i.e.*, quantum meruit) in an amount to be proven before or at trial and not less than $190,107.75, plus all allowable costs, interest, and attorney's fees and costs.

### COUNT III – ORDER COMPELLING ARBITRATION (*in the alternative*)

36. All preceding paragraphs are incorporated as if fully set forth herein.

37. Defendant has refused to engage in good faith (or at all) with Plaintiff regarding resolution of the disputes set forth in this Complaint.

38. Defendant's failure to meaningfully engage with Plaintiff has rendered futile Plaintiff's efforts to resolve the disputes through mediation or arbitration.

39. Plaintiff believes that it is entitled to damages as set forth in Counts I and II above and that it should be excused from any arbitration requirement in the MSA in light of Defendant's refusal to reasonably cooperate with Plaintiff.

40. Nevertheless, in the event the Court determines that arbitration of this matter is required, Plaintiff requests an order compelling Defendant arbitrate this dispute.

**PRAYER FOR RELIEF**

WHEREFORE, having set forth its allegations, claims, and causes of action, Plaintiff prays for the following relief against Defendant:

    A.  Judgement against Defendant in an amount to be proven before or at trial and not less than $190,107.75, plus all allowable costs, interest, and attorney's fees; and

    B.  For such further and other relief as the Court deems just and proper.

Dated this 8th day of December, 2020.

/s/ Rylan Weythman
/s/ Dan Youngblut
Rylan Weythman, WSBA #45352
Dan Youngblut, WSBA #56010
FOSTER GARVEY P.C.
1111 Third Avenue, Suite 3000
Seattle, Washington 98101
Telephone:  (206) 447-4400
Facsimile:  (206) 447-9700
Email:  rylan.weythman@foster.com
        dan.youngblut@foster.com
Counsel for Plaintiff Logic2020 Inc.

**EXHIBIT A**

INVOICES

EXHIBIT A

**FOSTER GARVEY P.C.**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON  98101-3292
PHONE (206) 447-4400

**Primitive Logic, Inc.**

1501 1st Ave S
Seattle, WA  98134 US
finance@logic2020.com

# INVOICE

BILL TO
P001839 - Data Streaming
2501 Colorado Ave, Floor 2
Santa Monica, CA  90404

| | INVOICE | 9643 |
| --- | --- | --- |
| | DATE | 01/31/2020 |
| | TERMS | Net 30 |
| | DUE DATE | 03/01/2020 |

| DATE | ACTIVITY | DESCRIPTION | QTY | RATE | AMOUNT |
| --- | --- | --- | --- | --- | --- |
| | Services - Strategic | Ben Kaely: Project Quality 1/1/20 - 1/31/20 | 33.50 | 250.00 | 8,375.00 |
| | Services - Strategic | John McMahon: Project Manager 1/1/20 - 1/31/20 | 112 | 250.00 | 28,000.00 |
| | Services - Strategic | Steve Nguyen: Developer 1/1/20 - 1/31/20 | 160 | 200.00 | 32,000.00 |

PO#: BR14663

BALANCE DUE  **$68,375.00**

For inquiries, please contact finance@logic2020.com.

Thank you!

Primitive Logic
finance@logic2020.com
206-576-0400



**Logic20/20 Inc.**
1501 1st Ave S
Seattle, WA  98134
(206) 576-0400
finance@logic2020.com

**BILL TO**
P001839- Bird Rides Inc- Data Streaming

## INVOICE 9696

**DATE** 02/29/2020   **TERMS** Net 30

**P.O. NUMBER**
BR14663

**PROJECT NAME**
Data Streaming

| DATE | ACTIVITY | QTY | RATE | AMOUNT |
|---|---|---|---|---|
| | **Services - Strategic**<br>Benjamin Kaely: Project Quality 2/1/20 - 2/29/20 | 21 | 250.00 | 5,250.00 |
| | **Services - Strategic**<br>John McMahon: Project Manager 2/1/20 - 2/29/20 | 140 | 250.00 | 35,000.00 |
| | **Services - Strategic**<br>Steve Nguyen: Developer 2/1/20 - 2/29/20 | 160 | 200.00 | 32,000.00 |

For inquiries, please contact finance@logic2020.com.

Thank you!

Logic20/20
finance@logic2020.com
206-576-0400

| TOTAL DUE | USD 72,250.00 |
|---|---|

Please make checks payable to Logic20/20 Inc. | Our EIN is 20-4309994.



**Logic20/20 Inc.**
1501 1st Ave S
Seattle, WA  98134
(206) 576-0400
finance@logic2020.com

**BILL TO**
P001839- Bird Rides Inc- Data Streaming

## INVOICE 9708

**DATE** 03/23/2020    **TERMS** Net 30

**P.O. NUMBER**
BR14663

**PROJECT NAME**
Data Streaming

| DATE | ACTIVITY | QTY | RATE | AMOUNT |
|---|---|---|---|---|
|  | **Services - Strategic**<br>Benjamin Kaely: Project Quality 3/1/20 - 3/31/20 | 15 | 250.00 | 3,750.00 |
|  | **Services - Strategic**<br>John McMahon: Project Manager 3/1/20 - 3/31/20 | 64 | 250.00 | 16,000.00 |
|  | **Services - Strategic**<br>Steve Nguyen: Developer 3/1/20 - 3/31/20 | 56 | 200.00 | 11,200.00 |

For inquiries, please contact finance@logic2020.com.

Thank you!

Logic20/20
finance@logic2020.com
206-576-0400

| TOTAL DUE | USD 30,950.00 |
|---|---|

Please make checks payable to Logic20/20 Inc. | Our EIN is 20-4309994.